LORILLARD v. SELLERS. See Case No. 8,-511.

## Case No. 8,512.

### In re LORING.

[Holmes. 483.] [1]

Circuit Court, D. Massachusetts. March, 1875.

BANKRUPTCY — CREDITOR'S PETITION TO HAVE CLAIM EXPUNGED—REFERENCE TO REGISTER.

The district court is authorized in bankruptcy to refer to the register a petition of a creditor praying that the proof of claim of another creditor be expunged on account of matters occurring since the claim was proved.

Petition for review of a decree of the district court of Massachusetts, in bankruptcy. Jordan, Marsh & Co., creditors of J. C. Loring, a bankrupt, presented a petition to the district court, representing that Edward S. Jaffray & Co., of New York, after proving a large claim against the bankrupt's estate, brought an action of contract in New York against him upon the debt, and on execution obtained in that suit caused him to be arrested and committed to jail, and subsequently discharged him from the arrest. The petition prayed that the proof of Jaffray & Co.'s claim against the bankrupt's estate be expunged, and that the assignees be enjoined from paying them a dividend already declared, or any dividend. Upon this petition the district court directed an order to show cause before the register, and granted an interlocutory injunction as prayed. At the time fixed for hearing by the register, Jaffray & Co. objected to any proceeding under the petition before the register, upon the ground that such a proceeding was not authorized by the thirty-fourth general order in bankruptcy. The question thus raised was certified by the register to the district court, and, upon hearing, the petitioners' objections were overruled and the hearing before the register ordered to proceed; whereupon Jaffray & Co. brought this petition for review.

T. F. Nutter and Isaac Dayton, for petitioners.

Stephen B. Ives, Jr., and Henry M. Rogers, for Jordan, Marsh & Co.

SHEPLEY, Circuit Judge. This petition for the exercise of the revisory power of the circuit court over an order and decree of the district court in bankruptcy presents this question: Has the district court sitting in bankruptcy, authority, after a debt has been proved in the usual mode, to re-examine the claim and expunge or diminish it, or to refer it to a register for re-examination with a view to its being expunged or diminished, for causes, such as payment or other causes, alleged to have arisen after the proof was made? It is denied by the petitioner that this power exists except under a proceeding by bill in equity. The twenty-second section of the bankrupt act [of 1867 (14 Stat. 527)] authorizes the court to "reject all claims not duly proved, or where the proof shows the claim to be founded in fraud, illegality, or mistake."

The thirty-fourth of the general orders in bankruptcy provides as follows: "When the assignee or any creditor shall desire the re-examination of any claim filed against the bankrupt's estate, he may apply by petition to the register to whom the cause is referred for an order for such re-examination; and thereupon the register shall make an order fixing a time for hearing the petition, of which due notice shall be given by mail addressed to the creditor. At the time appointed, the register shall take the examination of the creditor, and of any witnesses that may be called by either party; and if it shall appear from such examination that the claim ought to be expunged or diminished, the register, if no objection be made, may order accordingly. If objection be made, the register shall require the parties then, or within a time to be fixed for that purpose, to form an issue to be certified into court for determination." This general order was promulgated by the supreme court of the United States under the authority conferred upon the court by the tenth section of the bankrupt act to frame general orders "for regulating the practice and procedure of the district courts in bankruptcy, and generally for carrying the provisions of this act into effect." Whether the order be considered as indicating the construction which the court put upon the twenty-second section of the act, or as intended to regulate the practice and procedure in cases not covered by the twenty-second section, the order clearly applies to the practice and procedure of the court in a case like this, and is one clearly within the power of the court to frame. not being repugnant to any of the provisions of the act, and within the purposes enumerated in the tenth section. Petition for review dismissed.